Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor (Sol#1119411)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
     Telephone: (213) 894-5410
     Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,**<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>              Plaintiff,<br><br>      v.<br><br>**UNIFIED NUTRIMEALS,**<br>  a California Corporation,<br>**SHABIR KASHYAP,** individually and as<br>  managing agent of corporate defendant,<br>**HUGO MEZA,** individually and<br>  as managing agent of corporate defendant;<br>**PHILIP CHAVEZ,** individually and as<br>  managing agent of corporate defendant,<br><br>              Defendants. | Case No. CV13-9104 PA(MANx)<br><br><br><br><br><br>**CONSENT JUDGMENT** |

    Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, Unified Nutrimeals, a California Corporation,  Shabir Kashyap, individually and as managing agent of corporate defendant Unified Nutrimeals, Hugo Meza, individually and as managing agent of corporate defendant Unified Nutrimeals and Philip Chavez, individually and as managing agent of corporate defend-

ant Unified Nutrimeals (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.   The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B.   Defendants have appeared and having retained defense counsel acknowledge receipt of a copy of the Secretary's Complaint.

C.   Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D.   The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.   Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F.   Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

1.  Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2.  Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3.  Defendants, jointly and severally, shall not continue to withhold the payment of $133,797, the balance of $166,797 in overtime pay hereby found to be due under the FLSA to 92 employees, as a result of their employment by Defendants during the period of July 16, 2009 through July 13, 2012 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

4.  To accomplish the requirements of Paragraph 3, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 100 North Barranca Street, Suite 850, West Covina, CA 91791, the following:

a. On or before November 30, 2013, a schedule in duplicate bearing the name of the corporate Defendant, employer identification number, address, and phone number of the corporate Defendant and showing the name, last known

(home) address, social security number, gross backwage amount for each person listed in the attached Exhibit 1.

b. Defendants shall make the payments set forth on the attached Exhibit 2. Each payment includes interest calculated at 1% per year on the unpaid balance until the balance is paid in full.  The first payment due November 30, 2013 shall have the Firm name and "BWs." written on it, payable to the order of the "Wage and Hour Div., Labor."  Each subsequent payment shall have the Firm name and "BWs + Int." written on each, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2.

c.  In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary.

d.  The Secretary shall allocate and distribute the funds described in paragraph 3 less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

5.  Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a. Defendants shall record all hours worked by employees in the payroll

records.

b. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

c. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

d. Defendants shall pay employees for all compensable waiting time.

e. Defendants shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

f. Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

g. Defendants shall not require employees to work "off the clock" either before or after their shift.

h. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of duties or tasks performed by that employee;

6.   Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages, liquidated damages or the funds in restitution of the retaliation from any of the employees listed on the attached Exhibit 1.  Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment.  Violation of this paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

7.   Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken

**Consent Judgment**                                                        Page 5 of 18

against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

8.      On at least an annual basis, in 2014, 2015 and 2016, Defendants shall hire an independent third party to conduct training as to the requirements of the FLSA. The training shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements.   All supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training.  Defendants shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request

9.      Within six (6) months of this Judgment, Defendants and their attorneys, the law firm of Clark & Trevithick, will make a presentation to a group of employers in the food industry covering the requirements of the Fair Labor Standard Act including industry practices which constitute violations.

10.      Within 30 days of the entry of this Judgment Defendants shall supply all of their employees with copies of the attached Exhibit 3, which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English and Spanish versions are attached.  In addition, Defendants shall provide copies of Exhibit 3 to all new hires, and post a copy at each business establishment in an area that is frequented by employees and where it is highly visible. This provision shall be in effect for a period of three years from the date this Judgment is executed by all parties.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by

such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: December 18, 2013.

_____

U.S. District Court Judge

1 | For the Defendants:
2 | The Defendants hereby appear, waive any
defense herein, consent to the entry of
3 | this Judgment, and waive notice by the
4 | Clerk of Court:

5

6 | For:  Unified Nutrimeals Corporation

7

8 | By: _____        11-18-13
9 |        Shabir Kashyap                          Date

10 | Its:   President

11

12

13 | For:  Shabir Kashyap

14

15 | By: _____        11-18-13
16 |        Shabir Kashyap, Individually          Date

17

18 | For:  Hugo Meza

19

20 | By: _____        11-18-13
21 |        Hugo Meza, Individually              Date

22

23 | For:  Philip Chavez

24

25 | By: _____        11-18-13
26 |        Philip Chavez, Individually          Date

27

28

1    Attorneys for the Defendants

2    Clark & Trevithick, Professional Law Corporation

3

4

5    _____          12/13/13
                                               _____
6    Debrah H. Petito, Attorney at Law                        Date

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    For the Plaintiff:

2    M. PATRICIA SMITH
3    Solicitor of Labor

4    JANET M. HEROLD
5    Regional Solicitor

6    DANIEL J. CHASEK
7    Associate Regional Solicitor

8

9    _____        12-13-13
                                      _____
10   BORIS ORLOV, Attorney            Date
11   Attorneys for the Plaintiff
     U.S. Department of Labor
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Consent Judgment**                        Page 10 of 18

EXHIBIT 1

| Last Name | First Name | Violation Begin Date | Violation End Date | Back Wages Due |
|---|---|---|---|---|
| AKE | JAIME | 10/1/2010 | 5/20/2011 | $ 2,191.49 |
| AMAYA | STEPHANIE | 2/26/2011 | 3/11/2011 | $ 30.65 |
| AMIGO | MARIA | 12/10/2010 | 3/25/2011 | $ 1,016.76 |
| AQUIJE | FRANCISCO | 9/18/2009 | 3/11/2011 | $ 2,907.61 |
| ARTEAGA | JOSE | 9/23/2011 | 5/18/2012 | $ 498.05 |
| BANUELOS | HUGO | 10/7/2011 | 5/18/2012 | $ 748.94 |
| BAUTISTA | JUAN | 8/21/2009 | 6/29/2012 | $ 12,752.75 |
| BELLO | DANIEL | 11/28/2009 | 12/11/2009 | $ 2.25 |
| CABRERA | LUIS | 8/21/2009 | 9/3/2010 | $ 3,729.71 |
| CARMONA | MIGUEL | 10/21/2011 | 12/16/2011 | $ 162.70 |
| CHAVARRIA | JOSE | 10/1/2010 | 4/6/2012 | $ 96.80 |
| CHAVEZ | MARIA | 2/6/2010 | 2/20/2010 | $ 5.04 |
| CHAVEZ | GLADYS | 9/4/2009 | 6/15/2012 | $ 1,980.32 |
| CISNEROS | SERGIO | 2/11/2011 | 3/11/2011 | $ 194.15 |
| CONCHA | MILTON | 9/18/2009 | 10/29/2010 | $ 739.40 |
| CORONA | JAIME | 12/11/2009 | 12/25/2009 | $ 90.32 |
| COTA | CARLOS | 8/21/2009 | 8/7/2010 | $ 2,041.34 |
| DE JESUS ELIAS | MARGARITO | 3/10/2012 | 3/23/2012 | $ 12.90 |
| DE LOS SANTOS | ANSOMY | 9/4/2009 | 12/11/2009 | $ 200.04 |
| DEL CID | JUAN | 3/25/2010 | 2/10/2012 | $ 1,334.08 |
| DIAZ | WILLIAM | 5/6/2011 | 4/6/2012 | $ 1,213.25 |
| EMESTICO | JUAN | 8/20/2010 | 3/23/2012 | $ 4,686.75 |
| FLORES | LUIS | 9/24/2011 | 10/7/2011 | $ 38.10 |
| FUENTES | JOAQUIN | 10/21/2011 | 11/4/2011 | $ 20.12 |

| | | | | |
|---|---|---|---|---|
| GARCIA | GLORIA | 8/12/2011 | 10/21/2011 | $ 443.84 |
| GARCIA | OSCAR | 8/21/2009 | 6/29/2012 | $ 7,667.75 |
| GASPAR | CRISTIAN | 4/6/2012 | 6/1/2012 | $ 282.24 |
| GAYTAN | ANTONIO | 8/21/2009 | 6/29/2012 | $ 4,995.12 |
| GAYTAN | EDGAR | 8/20/2010 | 9/3/2010 | $ 130.52 |
| GAYTAN | GERARDO | 8/20/2010 | 12/16/2011 | $ 2,364.08 |
| GOMEZ | RUBEN | 8/26/2011 | 3/9/2012 | $ 769.08 |
| GONZALEZ | JOSE | 2/10/2012 | 6/29/2012 | $ 173.52 |
| GONZALEZ | FELICIANO | 9/4/2009 | 8/26/2011 | $ 4,597.29 |
| HAMMONDS | WILLIAM | 9/4/2009 | 7/24/2010 | $ 1,084.19 |
| HERNANDEZ | JOSE | 8/21/2009 | 8/7/2010 | $ 517.50 |
| HERNANDEZ | PATRICIA | 9/23/2011 | 5/4/2012 | $ 439.40 |
| IBARRA | MOISES | 8/20/2010 | 6/29/2012 | $ 356.76 |
| KOEPF | RICARDO | 1/23/2010 | 2/6/2010 | $ 17.78 |
| LARIN | MAURICIO | 9/3/2010 | 6/29/2012 | $ 4,237.29 |
| LARIN | REYNA | 7/29/2011 | 5/18/2012 | $ 997.56 |
| LARIN | OMAR | 9/18/2009 | 6/15/2012 | $ 4,085.05 |
| LEMUS | DAVID | 9/18/2009 | 5/4/2012 | $ 2,035.16 |
| LEONARDO | ROSARIO | 4/6/2012 | 6/29/2012 | $ 78.20 |
| LIZARRAGA | MARIA | 9/23/2011 | 11/18/2011 | $ 219.96 |
| LOPEZ | ANIBAL | 8/21/2009 | 8/7/2010 | $ 2,494.38 |
| LOPEZ | ENRIQUE | 9/18/2009 | 10/29/2010 | $ 1,130.86 |
| MALDONADO | ALEX | 9/23/2011 | 5/4/2012 | $ 378.45 |
| MARTINEZ | EUGENE | 2/11/2011 | 9/23/2011 | $ 120.15 |
| MARTINEZ | ALFONSO | 10/7/2011 | 6/29/2012 | $ 1,333.45 |
| MELENDEZ | NELSON | 9/23/2011 | 6/15/2012 | $ 885.24 |
| MENDOZA | AIDA | 7/29/2011 | 6/15/2012 | $ 877.16 |

**Consent Judgment**

| | | | | |
|---|---|---|---|---|
| MERINO | DENYS | 10/7/2011 | 11/4/2011 | $ 166.08 |
| MEZA | SALVADOR | 9/17/2010 | 6/29/2012 | $ 1,510.94 |
| MEZA | JUAN | 9/4/2009 | 6/17/2011 | $ 2,603.70 |
| MEZA | ADRIAN | 12/2/2009 | 1/14/2011 | $ 269.05 |
| MORALES | GERARDO | 9/23/2011 | 12/16/2011 | $ 398.20 |
| MORENO | MARIO | 9/18/2009 | 3/11/2011 | $ 806.63 |
| MORENO | JORGE | 8/20/2010 | 5/4/2012 | $ 1,902.79 |
| NAVARRO | ERIC | 6/12/2010 | 6/26/2010 | $ 100.00 |
| NEVARRES | JAIME | 9/23/2011 | 11/4/2011 | $ 440.00 |
| NIEVES | OMAR | 8/21/2009 | 6/26/2010 | $ 285.26 |
| OLIVA | CHARLY | 8/21/2009 | 6/29/2012 | $ 8,500.84 |
| ORELLANO | JOSE | 9/18/2009 | 5/18/2012 | $ 3,471.64 |
| ORTIZ | JESSICA | 8/12/2011 | 11/4/2011 | $ 95.92 |
| PEREZ | ESTHER | 2/11/2011 | 3/11/2011 | $ 89.51 |
| PEREZ | NANCY | 8/21/2009 | 6/29/2012 | $ 5,765.20 |
| PINEDA | ADAM | 12/10/2010 | 1/28/2011 | $ 242.69 |
| PLATERO | JUDITH | 1/23/2010 | 6/26/2010 | $ 243.56 |
| RIVERA | ALBA | 8/21/2009 | 6/15/2012 | $ 6,067.48 |
| RODRIGUEZ | MONICA | 9/4/2009 | 12/30/2011 | $ 5,049.39 |
| RODRIGUEZ | MILTON | 11/26/2010 | 5/3/2011 | $ 2,528.19 |
| RODRIGUEZ | ARTURO | 1/9/2010 | 8/7/2010 | $ 1,777.05 |
| ROMERO | GILBERTO | 3/6/2010 | 3/20/2010 | $ 56.25 |
| SALMERON | VIRGINIA | 9/4/2009 | 6/29/2012 | $ 3,562.86 |
| SAN JUAN | CONCEPCION | 9/23/2011 | 11/18/2011 | $ 295.28 |
| SANCHEZ | PEDRO | 1/23/2010 | 6/5/2010 | $ 845.64 |
| SANTIAGO | JULIO | 11/13/2009 | 11/27/2009 | $ 39.36 |
| SIERRA | DIANA | 8/21/2009 | 6/15/2012 | $ 4,628.69 |

**Consent Judgment**

| | | | | |
|---|---|---|---|---|
| SORIANO | THOMAS | 8/21/2009 | 8/7/2010 | $  1,207.13 |
| TORRES | FRANCISCO | 8/21/2009 | 6/29/2012 | $  5,084.37 |
| TORRES | GABRIELA | 8/21/2009 | 8/7/2010 | $    634.73 |
| TORRES | ALEX | 10/16/2009 | 12/25/2009 | $    244.76 |
| TREJO | GIOVANI | 10/21/2011 | 2/10/2012 | $     71.96 |
| TRINH | HENRY | 8/21/2009 | 6/29/2012 | $  8,798.08 |
| VALENZUELA | EDUARDO | 9/23/2011 | 4/20/2012 | $    272.00 |
| VALLES | GERARDO J. | 1/23/2010 | 5/15/2010 | $    364.19 |
| VAZQUEZ | ISABEL | 9/9/2011 | 6/15/2012 | $    737.56 |
| VENTURA | JOSE | 5/20/2011 | 4/20/2012 | $  1,558.92 |
| VERGARA | JOSE | 12/10/2010 | 6/29/2012 | $  3,330.40 |
| YEPEZ | GUILLERMO | 8/21/2009 | 12/16/2011 | $  9,941.80 |
| ZABALA | NORMA | 8/21/2009 | 6/15/2012 | $  3,366.42 |
| ZAVALA | SALVADOR | 12/16/2011 | 1/27/2012 | $     37.36 |

**Consent Judgment**

**EXHIBIT 2**

| Payment No. | Date Due | Gross | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 12/14/2013 | $4,181.17 | $57.49 | $4,238.66 |
| 2 | 01/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 3 | 02/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 4 | 03/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 5 | 04/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 6 | 05/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 7 | 06/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 8 | 07/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 9 | 08/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 10 | 09/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 11 | 10/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 12 | 11/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 13 | 12/14/2014 | $4,181.17 | $57.49 | $4,238.66 |
| 14 | 01/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
| 15 | 02/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
| 16 | 03/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
| 17 | 04/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
| 18 | 05/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
| 19 | 06/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
| 20 | 07/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
| 21 | 08/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
| 22 | 09/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
| 23 | 10/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
| 24 | 11/14/2015 | $4,181.17 | $57.49 | $4,238.66 |

**Consent Judgment**

| 25 | 12/14/2015 | $4,181.17 | $57.49 | $4,238.66 |
|---|---|---|---|---|
| 26 | 01/14/2016 | $4,181.17 | $57.49 | $4,238.66 |
| 27 | 02/14/2016 | $4,181.17 | $57.49 | $4,238.66 |
| 28 | 03/14/2016 | $4,181.17 | $57.49 | $4,238.66 |
| 29 | 04/14/2016 | $4,181.17 | $57.49 | $4,238.66 |
| 30 | 05/14/2016 | $4,181.17 | $57.49 | $4,238.66 |
| 31 | 06/14/2016 | $4,181.17 | $57.49 | $4,238.66 |
| 32 | 07/14/2016 | $4,181.17 | $57.49 | $4,238.66 |
| Total | | $133,797.44 | $1,839.68 | $135,637.12 |

**Consent Judgment**

**EXHIBIT 3**

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **UNIFIED NUTRIMEALS** from violating the overtime requirements of the **Fair Labor Standards Act**.  All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (626) 966-0478 and your name will be kept confidential.**

**Consent Judgment**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La ley de el **Fair Labor Standards Act** determina que se les debe de pagar a todos los empleados el **sueldo mínimo** por todas las horas que ellos trabajen.  A su vez, también estipula que todo empleado que trabaje extra, más de 40 horas en una semana laboral, se les deberá pagar **a tiempo y medio** de lo que ganen por cada hora extra trabajada.   Todos los empleados, independientemente de que se les pague por **hora** o por **pieza**, tienen derecho a que se les pague el tiempo extra cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el **Departamento Del Trabajo**, la **Corte de Distrito de los Estados Unidos** expidió una  orden que prohíbe a **UNIFIED NUTRIMEALS** de violar los requisitos de pago de el sueldo minimo y de el pago de sobretiempo que estipula la ley de el **Fair Labor Standards Act**.

Todos los empleados que trabajan en éste establecimiento pueden ayudar a que este empleador no viole la orden de la Corte.  **Si usted piensa que no le están pagando de acuerdo a la ley, por favor llame al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (626) 966-0478.  Su llamada será confidencial.**